UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
CHUCKS LLC d/b/a REAL BROTHER COLLECTION,
    An Indiana Company

                                                 Case No. 09 CIV 3858

                   Plaintiff,
   -against-


ART ZULU, INC.,
    A New Jersey Corporation



                   Defendant.
-----------------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR APPLICATION TO HAVE PLAINTIFF'S COMPLAINT DISMISSED IN ITS ENTIRETY


Dated: New York, New York
      December 4, 2009

**PRELIMINARY STATEMENT**

Plaintiff, Chucks, LLC, alleges that a breach of contract occurred between them and defendant Art Zulu, Inc. when Art Zulu supplied plaintiff with a defective clothing line that was contrary to the agreed upon specifications. Plaintiff further alleges that because of this breach, Art Zulu is also liable for tortious interference with Chucks' business and punitive damages. None of plaintiff's allegations can stand because there are no facts alleged or evidence presented to support them. Although there was an agreement between Art Zulu and Chucks, the agreement was only for a design project, not the manufacturing of the final product, as is reflected in Art Zulu's invoice to plaintiff which was accepted and paid without objection. Additionally, because plaintiff's allegations are all stem from this alleged "breach", all of plaintiff's claims must be dismissed.

**ARGUMENT**

Claim for Breach of Contract is Unsubstantiated

Plaintiff's complaint alleges that the defendants, Art Zulu, Inc., agreed to "manufacture, produce, and supply plaintiff with a unique clothing line" as well as a marketing scheme, and that the defendants breached said contract by supplying plaintiff with defective clothing that failed to follow the agreed-upon specifications. This breach of contract claim cannot stand because there was no contractual duty between the parties to provide any manufacturing services. Art Zulu only contracted to provide design services.

In the instant case, there was no breach of contractual duty on the part of the defendant. Plaintiff's complaint alleged that the contract between the parties was for the manufacture, production, and supply of a clothing line for the benefit of the plaintiff. (See Plaintiff's

2

Complaint, ¶ 7). The contract between the parties is solely memorialized in the invoice sent by defendant (Exhibit A of Flaugh Certification), accepted by plaintiff without objection, and paid in full by plaintiff for the exact amount stated in the complaint.   The invoice specifically designates the services provided as a "design project." There is no mention of Art Zulu bearing any responsibility for the manufacture of the line of clothing.

Moreover, Exhibit B of the Flaugh Certification is a printout of Art Zulu's website which sets forth the services it provides for its clients.

The facts and documentary evidence clearly demonstrate that Art Zulu was never responsible for the manufacturing of the clothing line, nor did Art Zulu ever hold themselves out to be the party responsible for that aspect of the project.

Punitive Damages Not Available

Plaintiff's claim for punitive damages cannot stand. Under New Jersey case law, punitive damages are rarely, if ever, available in an action for a breach of contract. Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 369-70. When they are available, punitive damages are traditionally reserved for civil wrongs that are characterized as torts. Sandler v. Lawn-A-Mat Chemical & Equipment Corp., 141 N.J. Super. 437. Where the cause of action is a breach of a commercial contract, punitive damages are not available regardless of the nature of the conduct constituting the breach. Id. at 449. The Superior Court of New Jersey held that in a situation where punitive damages may be available, a plaintiff must establish intentional wrongdoing by the defendant, a "wanton and willful disregard of the rights of another." La Bruno v. Lawrence, 64 N.J. Super. 570, 575.

In the instant case, plaintiff has failed to allege facts or circumstances that would support an allegation of intentional or malicious wrongdoing on the part of the defendant. Plaintiff claims that there was a breach of a contractual duty between the parties, but that contractual duty does not even exist. If there is no duty to be breached, then it follows that there cannot be any "intentional wrongdoing" on the part of the defendant. Even if a duty were to be found on behalf of Art Zulu, plaintiff would then bear the additional burden of showing intentional wrongdoing on the part of Art Zulu. Plaintiff has failed to allege any facts or circumstances that would support an inference of intentional wrongdoing. Therefore, plaintiff is not entitled to punitive damages.

## Claim of Tortious Interference Is Unsubstantiated

Plaintiff also asserts a claim of tortious interference with regards to the defendant's actions. Plaintiff's complaint alleges that the defendant "intentionally and improperly interfered with the advantageous business and economic relations between Plaintiff and its customers." (Plaintiff's Complaint ¶ 15). In order to prove tortious interference, plaintiff must prove (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract as a result of the interference; and (4) damages resulting from that interference. Digiorgio Corp. v. Mendez & Co., 230 F. Supp. 2d 552, 558, quoting Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 751-52.

### (1)    Existing Contractual Relationship

In the instant case, plaintiff has not presented any facts or evidence that would support the inference or existence of any third party contract, much less there was malicious interference

with any such contract. Merely asserting the existence of such a contract is insufficient to justify its reality.

    (2)    <u>Intentional and Malicious Interference</u>

As for the second element, a showing of intentional and malicious interference is necessary. Under New Jersey law, this requires a showing that the defendant "acted with either an intent to interfere with plaintiff's contract right or acted with knowledge that his actions would interfere with the contract right." <u>Velop, Inc. v. Kaplan</u>, 301 N.J. Super. 32, 49. As a threshold matter, therefore, a plaintiff must show that defendant had knowledge of the existing contract. New Jersey law supports the contention that "General knowledge of a business relationship is not sufficient; the defendant must have specific knowledge of the contract right upon which his actions infringe." <u>Digiorgio</u>, at 564, quoting <u>Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.</u>, 870 F. Supp. 1237, 1247 (D.N.J. 1994). Again, plaintiff has presented no evidence to establish knowledge of a contract on the part of Art Zulu, much less an intent to interfere with such a contract. New Jersey law requires that specific knowledge is required, and since there is no showing to prove or event the allegation of such knowledge of any kind, plaintiff has failed to establish this element.

    (3)    <u>Loss As a Result of the Interference</u>

New Jersey law states that an interference with a contract only occurs where a party causes another party not to perform under that contract, <u>Digiorgio</u>, at 566. Plaintiff in the instant case has alleged no facts nor provided evidence to prove that a malicious interference occurred, nor the existence of any third party contract. Since a finding of loss as a result of interference is incumbent on the existence of these two facts, plaintiff's claim of loss cannot stand.

(4)    <u>Damages Resulting From That Interference</u>

Similarly, for the aforestated reasons, plaintiff cannot claim damages as a result of any

interference.

**CONCLUSION**

For all of the foregoing reasons, plaintiff's complaint should be dismissed in it's entirety.

Dated: New York, New York
       December 4, 2009

                         HANTMAN & ASSOCIATES

                         By: _____
                              Robert J. Hantman(3947)
                              Attorneys for Defendant
                              1515 Broadway
                              11th Floor
                              New York, NY 10036
                              (212) 520-4296